**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| PAMELA JEAN ICKES, ) | No. EDCV 09-1890 CW |
| ) Plaintiff, ) | DECISION AND ORDER |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) Defendant. ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings, on the basis that the record has not been fully developed.

**I. BACKGROUND**

Plaintiff Pamela Jean Ickes was born on November 11, 1955 and was fifty-three years old at the time of her administrative hearing. [Administrative Record ("AR") 19, 90.] She has a tenth grade education

and no past relevant work experience. [AR 98, 94.] Plaintiff alleges disability on the basis of kidney and stomach problems and dizziness. [AR 94.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on October 8, 2009, and filed on October 19, 2009.  On April 14, 2010, Defendant filed an Answer and Plaintiff's Administrative Record ("AR").  On July 16, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III. BACKGROUND

Plaintiff applied for supplemental security income ("SSI") under Title XVI of the Social Security Act on November 28, 2007, alleging disability since April 1, 2003. [AR 10.]  After the application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing on February 15, 2008. [AR 38-41.] In a written notice dated March 7, 2008, the Commissioner informed Plaintiff that her request had been granted and that Plaintiff would receive future notice setting the hearing date. [AR 50-54.] This notice informed Plaintiff that she had a right to representation at the hearing, that a representative "can help you get evidence, prepare for the hearing, and present your case at the hearing," that "some private lawyers charge a fee only if you receive benefits," and that "some organizations" may provide free legal representation. [AR 50.] A list of private attorneys and a list of organizations that provided free legal representation in Plaintiff's area were included with the notice.  [AR 52.] Subsequent notices dated March 30, 2009 and April 2,

2009, informed Plaintiff of her right to representation [AR 55-56, 68-74.] The notice from April 2, 2009, also included a separate handout entitled "Your Right to Representation," explaining what a representative could do and fee agreements. [AR 73-74.]

An administrative hearing was held on April 22, 2009. [AR 19.] Plaintiff appeared without counsel. [Id.] At the start of the hearing, the following dialogue took place between the ALJ and the Plaintiff regarding her right to representation:

"ALJ:   You are not represented at this time, is that correct?
CLMT:  That's right.
ALJ:   Okay, and do you understand that you have a right to be represented?
CLMT:  Yes, sir.
ALJ:   Okay, and do you have any questions concerning those rights?
CLMT:  Not that I know of.
ALJ:   All right, are you going to wave your right to be represented and proceed today?
CLMT:  Yes."

[AR 21.]

The hearing proceeded. [AR 21-35.] Testimony was taken from Plaintiff, a medical expert, and Plaintiff's friend. [AR 19.] The ALJ subsequently denied benefits in a decision dated July 6, 2009. [AR 10-18.] When the Appeals Council denied review on August 21, 2009, the ALJ's decision became the Commissioner's final decision. [AR 1-3.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or

ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 28, 2007 (step one); that Plaintiff had "severe" impairments, namely chronic nephrolithiasis with retained kidney functions and hypertension (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 12-13.] Plaintiff was found to have an RFC to perform the full range of light work. [AR 13-17.] Plaintiff had no past relevant work (step four). [AR 17.] Based on application of Rule 204.00 of the Medical-Vocational Guidelines ("Grids"), it was determined that Plaintiff could perform work existing in significant numbers in the national economy (step five). [AR 18.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

### C. PLAINTIFF'S PRESENT CLAIMS

The parties' Joint Stipulation identifies the following disputed issues:

1. Whether the ALJ obtained a proper and informed waiver of

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1         Plaintiff's right to representation.

2   2. Whether the ALJ properly considered all of the relevant

3       medical evidence of record.

4   3. Whether the ALJ has properly considered Plaintiff's

5       subjective complaints and properly assessed Plaintiff's

6       credibility.

[JS 3.]

As discussed below, Issue One is dispositive.

**D.  RIGHT TO REPRESENTATION**

A Social Security claimant has a statutory right to be represented by counsel at an administrative hearing. 42 U.S.C. § 406[2]; 20 C.F.R. §§ 404.1700, 416.1500.  Although the absence of counsel, standing alone, does not deprive a claimant of a fair hearing, the Commissioner has a duty to inform the claimant of the right to counsel, so that the claimant may decide knowingly whether he or she wishes to waive this right.  Edwards v. Sullivan, 937 F.2d 580, 585 (11th Cir. 1991); Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir. 1991); Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir. 1981).  A claimant must be informed not only of his or her right to counsel, but of the importance of having an attorney, of the availability of free legal services to represent indigent claimants, and the limits on fees to private counsel to twenty-five percent of retroactive benefits. Binion v. Shalala, 13 F.3d 243, 245 (7th Cir. 1994); Smith v.

---

[2] The statute states, in pertinent part, "The Commissioner of Social Security shall notify each claimant in writing, together with the notice to such claimant of an adverse determination, of the options for obtaining attorneys to represent individuals in presenting their cases before the Commissioner of Social Security.  Such notification shall also advise the claimant of the availability to qualifying claims of legal services organizations which provide legal services free of charge." 42 U.S.C. § 406(c).

Schweiker, 677 F.2d 826, 829 (11th Cir. 1982); Clark, 652 at 403; see also Blom v. Barnhart, No. 04-C-0912, 363 F. Supp. 2d 1041, 1046 (E.D. Wis. March 26, 2005)(finding uninformed waiver invalid even though claimant was an attorney).

If a claimant's waiver is invalid, reversal is appropriate if "the claimant can demonstrate prejudice or unfairness in the administrative proceedings." Vidal v. Harris, 637 F.2d 710, 713 (9th Cir. 1981)(quoting Hall v. Sec. of Health, Ed. and Welfare, 602 F.2d 1372, 1378 (9th Cir. 1979). Where a claimant is unrepresented by counsel, it is "incumbent upon the ALJ to conscientiously and scrupulously probe into, inquire of, and explore all the relevant facts" at the hearing so as to protect the claimant's interests. Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978); see also Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992); Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985); Vidal, 637 F.2d at 713-14. When the "heavy burden imposed by Cox" is not met in this context, and the unrepresented claimant may have been prejudiced, "the interests of justice demand that the case be remanded." Vidal, 637 F.2d at 714-15.

Here, Plaintiff's limited education and the brevity of the advisements given to her at the hearing raise questions as to whether she responded to the ALJ's question regarding her right to counsel with full understanding. See Vidal, 637 F.2d at 714 (finding "serious question" whether claimant with limited reading skills validly waived right to counsel). Even assuming that Plaintiff knowingly waived her right to counsel, the record indicates that the Commissioner's heavy burden to develop the record, imposed by Cox, was not met. Vidal, 637 F.2d at 713-14. The transcript of the administrative hearing indicates that Plaintiff was prejudiced by inadequate examination of

the medical expert: the testimony did not indicate whether he was crediting Plaintiff's subjective complaints of pain in expressing his opinion of Plaintiff's limitations or which medical condition he was crediting to account for the pain. [AR 28-30.] The record also indicates Plaintiff was unable to further develop the record, as she responded to the ALJ's inquiry of whether she had any questions for the medical expert with "not that [she knew] of." [AR 30.] The questions by the ALJ at the administrative hearing also failed to fully develop the Plaintiff's own testimony, such as her limitations, subjective feelings of pain, and history of medical treatment. [AR 23-25.]  Under these circumstances, remand for further proceedings is appropriate.

**E.     REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id. Here, as set out above, outstanding issues remain before a finding of disability can be made.  Accordingly, remand is appropriate.

**VI.  ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to Defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: July 29, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge